# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD CUNNINGHAM,** <br><br> **Plaintiff** <br><br> v. <br><br> **EXPERIAN INFORMATION SOLUTIONS, INC., et al,** <br><br> **Defendants** | **CIVIL ACTION** <br><br> **NO. 2:24-cv-02559-JHS** |

## REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on <u>September 30, 2024</u> and submit the following report of their meeting for the court's consideration:

 1. Discussion of Claims, Defenses and Relevant Issues

  You should assume that the court has read the complaint and is familiar with the claims. However, the facts supporting those claims and defenses are unknown. Therefore, counsel shall set forth concisely the factual background that the parties contend support their claims and defenses.

  Summarize your discussion of primary issues, threshold issues and those issues on which the parties will need to conduct discovery. Identify what information each party needs in discovery as well as when and why. Also indicate likely motions and their timing.

  <u>Plaintiff</u>: **Plaintiff has been the unfortunate victim of identity theft, which has resulted in fraudulent accounts appearing on Plaintiff's credit reports even though he did not open or authorize the opening of those accounts. Specifically, upon information and belief, at least one individual opened accounts with Discover and Austin Capital in Plaintiff's name, without his knowledge or**

authorization. These accounts have destroyed Plaintiff's credit with each of them being reported negatively. Plaintiff has specifically disputed the fraudulent Discover and ACB accounts and included his filed Identity Theft Affidavit with the disputes. The remaining Defendants, Experian and Discover Bank, have failed to comply with their obligations under the Fair Credit Reporting Act to conduct a reasonable investigation of the Plaintiff's disputes, as required by 15 U.S.C. § 1681i. Even worse, the Defendants each failed to timely suppress these fraudulent accounts within four days of receiving the Plaintiff's disputes supported by his Identity Theft Affidavit, as required by 15 U.S.C. § 1681c-2. Moreover, having failed to do these basic things required by the FCRA, the Defendants plainly failed to have adequate policies and procedures in place to assure the maximum possible accuracy of the information they reported, in violation of 15 U.S.C. § 1681e(b). As a result of the Defendants' multiple violations of the statute, the Plaintiff has been damaged, including to his ability to obtain credit.

<u>Defendant Experian:</u> **Plaintiff claims that he was the victim of identity theft, and that an identity thief opened accounts with Austin Capital Bank and Discover Bank using his personal information in May and July 2021, respectively. After allegedly discovering this in or around February 2024, Plaintiff sent several dispute correspondences to Experian disputing these accounts as the product of identity theft and filed complaints with the Consumer Financial Protection Bureau that were transmitted to Experian—along with Federal Trade Commission and Philadelphia Police Department theft reports. Based on Plaintiff's submissions, Experian blocked the Austin Capital Bank and Discover Bank accounts in February 2024. Subsequently, both furnishers sent Experian block rescission requests asking that Experian un-block the accounts based on their investigation and supporting evidence that the accounts belonged to Plaintiff (i.e. account or payment documentation demonstrating ownership). Experian then un-blocked the accounts.**

**Plaintiff brings three claims under the Fair Credit Reporting Act against Experian—under 15 U.S.C. §§ 1681e(b); 1681i; and 1681c-2. Subject to early resolution of this matter, Experian intends to move to compel Plaintiff's claims against it to arbitration pursuant to the parties' agreement. However, should this matter remain**

**in federal court, Experian would intend to seek discovery on the accuracy of its reporting, Plaintiff's responsibility for the at-issue accounts, and Plaintiff's alleged damages.**

<u>Defendant Discover:</u> **Discover expressly denies Plaintiff's allegations in their entirety, denies that it violated the FCRA, and denies that Plaintiff is entitled to damages. Contrary to his claims of identity theft, Plaintiff called Discover in April of 2024 and confirmed that the email address and phone number he provided at the time of application, and which were used to verify the account, belong to Plaintiff. Discover denies that it is liable for any of the damages, injuries, or harms alleged by Plaintiff. Discover reserves all rights to plead and assert any and all defenses, claims, immunities, and privileges to which it may be entitled. Pursuant to the agreement governing the relationship between Discover and Plaintiff and § 4 of the Federal Arbitration Act, 9 U.S.C. § 1, et seq., Discover intends to compel arbitration of Plaintiff's claims**.

2. Informal Disclosures

    State the parties' agreement on timing, form and scope of informal disclosures. Specifically identify not only the information listed in Rule 26(a)(1), but any additional information the parties agree to disclose informally.

    Keep in mind that self-executing discovery must not be delayed until the pretrial conference. If the parties have not made the Rule 26(a) initial disclosures within the time required by the Court's Order scheduling the pretrial conference, they should explain why not.

    **Experian served its Rule 26(a)(1) initial disclosures and non-confidential documents accompanying same on October 2, 2024 in accordance with this Court's order.** *See* **Docket No. 23. The remaining parties have agreed to complete Rule 26(a)(1) initial disclosures by <u>October 14, 2024</u>. The parties agree to make informal disclosures of non-confidential and non-protected documents as necessary to facilitate resolution of the case. The parties are discussing a Protective Order regarding confidential documents. Discover will seek a stay in discovery pending the Court's resolution of its forthcoming motion to compel arbitration.**

3. Formal Discovery

Indicate nature, sequence and timing of formal discovery, as well as any need to conduct discovery in phases to prepare for the filing of motions or for settlement discussions. Specifically delineate what discovery will be conducted formally.

The discovery deadline should normally be no more than 120 - 150 days from the date of the Rule 16 pretrial conference. If the parties believe there are compelling reasons for a longer period of discovery, state them.

The parties are required to address procedures to preserve electronically stored information, to avoid inadvertent privilege waivers, and to determine the form in which electronic information will be produced. The cost of producing the information must be discussed.

<u>Plaintiff:</u> **Plaintiff does not anticipate a discovery period exceeding 150 days past the Rule 16 conference date. Plaintiff requests <u>March 11, 2025</u> as the date for completion of fact discovery, and <u>May 12, 2025</u> as the date for completion of expert discovery. Plaintiff intends to seek discovery regarding Defendants' investigations of Plaintiff's disputes, Defendants' policies and procedures, and Plaintiff's damages.**

<u>Defendant Experian:</u> **Experian agrees with Plaintiff's proposal. As stated above, Experian would intend to seek discovery on the accuracy of its reporting, Plaintiff's responsibility for the at-issue accounts, and Plaintiff's alleged damages.**

<u>Defendant Discover:</u> **Discover will seek a stay in discovery pending the Court's resolution of its forthcoming motion to compel arbitration.**

4. Electronic Discovery

    It is expected that the parties will reach an agreement on how to conduct electronic discovery. In the event the parties cannot reach such an agreement before the Rule 16 scheduling conference, the court will enter an order incorporating default standards. The default order can be viewed at www.paed.uscourts.gov.

    The parties shall discuss the parameters of their anticipated e-discovery at the Rule 26(f) conference and shall be prepared to address e-discovery at the Rule 16 scheduling conference with the court.

**The parties agree that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery through standard discovery tools under the Federal Rules and will meet and confer in good faith to resolve any issues that arise before seeking the Court's intervention.**

5. Expert Witness Disclosures

    Indicate agreement on timing and sequence of disclosure of the identity and anticipated testimony of expert witnesses, including whether depositions of experts will be needed.

    The parties should expect that the court requires expert reports to be exchanged simultaneously. If there are compelling reasons to stagger the production of expert reports, state them.

    Plaintiff: **Plaintiff proposes the following dates for Expert Discovery:**

    i. Expert Reports: **March 11, 2025**

    ii. Expert Rebuttals: **April 11, 2025**

    iii. Expert Depositions/End of Expert Discovery: **May 12, 2025**

    Defendant Experian: **Experian agrees with Plaintiff's proposal.**

    Defendant Discover: **Discover will seek a stay in discovery pending the Court's resolution of its forthcoming motion to compel arbitration.**

6. Early Settlement or Resolution

    The parties must familiarize themselves with Local Rule 53.3 before responding. Recite the parties' discussion about early resolution through ADR, motion or otherwise explain what steps were taken by counsel to advise the client of alternative dispute resolution options.

    Explain any decision not to seek early resolution and what mediation options the parties may consider and when mediation would be appropriate.

**The parties are working on resolving the matter informally. Should they be unsuccessful, the parties may pursue mediation or a Judicial Settlement Conference (at the Court's convenience) following some discovery.**

7. Trial

   If a date certain is requested, state the reasons. Generally, if requested, a firm trial date will be scheduled. Please provide the estimated length of trial.

   Please provide a statement whether all parties agree to a referral of this case to a U.S. Magistrate Judge for trial.[1]

   **The parties do not unanimously consent to a referral of this case to a U.S. Magistrate Judge for trial.**

8. Other Matters

   Indicate discussion and any agreement on matters not addressed above.

/s/ Ari H. Marcus
(Attorney Signature)

/s/ Mohammad A. Ghiasuddin
(Attorney Signature)

/s/ Daniel J.T. McKenna
(Attorney Signature)

---

[1] Magistrate Judges are authorized, with agreement of the parties, to try any civil case, jury or non-jury, with appeals going directly to the Third Circuit.